# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**TOMMY PEREZ, JR.**                                                         **PLAINTIFF**

**v.**                       **CASE NO. 3:14CV00066 BSM**

**CITY OF OSCEOLA, et al.**                                         **DEFENDANTS**

## ORDER

Following review of Tommy Perez, Jr.'s amended complaint, defendants City of Osceola, Mike Gibson, David Gladent, and Terry Hodges are dismissed. Perez's motion for appointment of counsel [Doc. No. 3] is denied without prejudice.

### I. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). A complaint, or portion thereof, must be dismissed if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making that determination, the factual allegations in the complaint must be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

### II. ANALYSIS

As a preliminary matter, Perez's amended complaint does not name the City of Osceola or Gibson as defendants. Accordingly, the city and Gibson are dismissed.

Hodges is dismissed because Perez fails to state a claim upon which relief may be granted. Although Perez complains that Hodges harassed him and never provided him the opportunity to make a statement during an interview, Perez does not allege facts to support a constitutional claim against Hodges. Moreover, allegations of harassment or threats do not constitute a § 1983 claim. *King v. Olmsted County*, 117 F.3d 1065, 1067 (8th Cir. 1997). Accordingly, Hodges is dismissed.

Gladent is dismissed because he cannot be sued under a theory of respondeat superior. Perez's allegation against Gladent is based on Gladent's position as acting chief of the Osceola police department, and his "lack of proper supervision of his officers." Supervisory liability, however, is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. *See White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). As Perez does not allege any knowledge or personal involvement by Gladent, Gladent is dismissed. Service is appropriate, however, with respect to Perez's allegations against Christopher Ellis.

Finally, Perez's motion for appointment of counsel [Doc. No. 3] is denied without prejudice because there is no right to appointed counsel in a civil case. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Counsel may be appointed depending upon (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts;

(3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986). Having considered the above factors, Perez's motion is denied at this time.

## III. CONCLUSION

1. Defendants City of Osceola, Mike Gibson, David Gladent, and Terry Hodges are dismissed.

2. Service is appropriate for defendant Christopher Ellis. The clerk shall issue summons and the United States Marshal shall serve a copy of the summons and amended complaint [Doc. No. 6] on Ellis without prepayment of fees and costs or security therefore.

3. Plaintiff's motion to appoint counsel [Doc. No. 3] is denied without prejudice.

IT IS SO ORDERED this 29th day of April 2014.

_____
UNITED STATES DISTRICT JUDGE